UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK-JOSEPH GROULX,

        Plaintiff,                          Case No. 1:24-cv-11953

v.                                                Honorable Thomas L. Ludington
                                                         United States District Judge

MOBILE MEDICAL RESPONSE, INC.,

                                                         Honorable Patricia T. Morris
        Defendants.                       United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) DISMISSING COMPLAINT, AND (4) DENYING PLAINTIFF'S MOTION TO PROCEED AS MOOT**

On July 22, 2024, Plaintiff Patrick-Joseph Groulx sued Defendant Mobile Medical Response, Inc., alleging that it created a false narrative about Plaintiff in a report. About a month later, Plaintiff filed a motion to proceed, seeking expedited review of this case. On September 10, 2024, Magistrate Judge Patricia T Morris issued a report (R&R) recommending this Court *sua sponte* dismiss this case under 28 U.S.C. § 1915(e)(2) and deny Plaintiff's Motion to Proceed as moot. Shortly after, Plaintiff objected to the R&R. As explained, Plaintiff's Objection will be overruled, Judge Morris's R&R will be adopted, the Complaint will be dismissed, and Plaintiff's Motion to Proceed will be denied as moot.

**I.**

In 2020, Plaintiff Patrick-Joseph Groulx was diagnosed with schizophrenia. ECF No. 1 at PageID.18–24. To treat this diagnosis, Plaintiff was assigned a case manager and prescribed therapy and medication. *Id.* But Plaintiff refused to participate in this treatment program and eventually ignored calls from his case manager. *Id.* So, in February 2021, Plaintiff's case manager ordered him to be involuntarily hospitalized. *Id.*

On February 6, 2021, medical professionals transported Plaintiff to the hospital using an ambulance service—Defendant Mobile Medical Response. *Id.* at PageID.12–13. Defendant prepared a report on the transport. *Id.* at PageID.10–13. The report indicated that Plaintiff had been diagnosed with schizophrenia and that the nature of the call was "Psychiatric/Suicide Attempt." *Id.* at 10–11.

Plaintiff denounces the statements in the report about his prior diagnosis and the nature of the call, asserting they create a "false narrative." *Id.* at PageID.2–4. So, on July 22, 2024, the Plaintiff filed a *pro se* Complaint and applied to proceed *in forma pauperis*. ECF Nos. 1; 2. Plaintiff brings two claims against Defendant for allegedly violating a federal criminal statute and a regulation promulgated under the Health Insurance Portability and Accountability Act (HIPPA). *See* ECF No. 1 at PageID.2–4.

On August 6, 2024, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 4. That same day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 5. Shortly after, Plaintiff filed a motion to proceed, seeking expedited judicial review of this case. ECF No. 6.

## II.

On September 10, 2024, Judge Morris issued a report (R&R) recommending that this Court *sua sponte* dismiss this case under 28 U.S.C. § 1915(e)(2). ECF No. 7. Judge Morris correctly found that all Plaintiff's claims brought under federal criminal statutes and regulations fail to state a claim and should be dismissed because those laws do not create a private cause of action. *Id.* at PageID.63–64. And Judge Morris noted that the relief requested in Plaintiff's Motion to Proceed would be moot if this Court adopts the R&R. *Id.* at PageID.60, n.1. All said, if this Court were to adopt the R&R, Plaintiff's Complaint would be dismissed with prejudice, and his Motion to Proceed would be denied as moot. *Id.* at PageID.60.

Plaintiff objected. ECF No. 8. Plaintiff's sole Objection to the R&R asks this Court to "dismiss any federal claims with prejudice, while dismissing all state claims without prejudice." *Id.* at PageID.67. But Plaintiff's Complaint doesn't include state-law claims. *See* ECF No. 1 at PageID.2–4. Thus, Plaintiff's Objection will be overruled.

At bottom, because Plaintiff's Objection will be overruled and the R&R contains no clear error, the R&R will be adopted. As a result, the Complaint, ECF No.1, will be dismissed with prejudice, and Plaintiff's Motion to Proceed, ECF No. 6, will be denied as moot.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Objection to the Report and Recommendation, ECF No. 8, is **OVERRULED.**

Further, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 7, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

Further, it is **ORDERED** that Plaintiff's Motion to Proceed, ECF No. 6, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: January 17, 2025                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge